In the Matter of MICHAEL MOSSA et al., Respondents, v NEW YORK CITY CAMPAIGN FINANCE BOARD, Appellant. [840 NYS2d 568]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered June 9, 2006, insofar as appealed from, declaring that (1) petitioner candidate and petitioner campaign treasurer are not liable for the repayment of public funds pursuant to New York City Campaign Finance Act (Administrative Code of City of NY) § 3-710 (2) (b), and (2) petitioner campaign committee is not liable for repayment of public funds expended as reimbursements for advances to the campaign, unanimously modified, on the law, to delete (2) above and remand to respondent New York City Campaign Finance Board for a determination, based on documentation already submitted or to be submitted by petitioners, if they be so advised, of whether such reimbursements for advances were qualified campaign expenditures, and otherwise affirmed, without costs.

The IAS court correctly held that petitioners candidate and treasurer are not personally liable for the repayment of public funds owed by the candidate's 2003 election campaign (*New York City Campaign Fin. Bd. v Ortiz*, 38 AD3d 75 [2006]). The IAS court also correctly held that respondent exceeded its authority in promulgating a rule (52 RCNY 1-08 [g] [2] [xiv]) that categorically bans the use of public funds by a campaign for reimbursement for "advances," i.e., expenditures made by a

third party for a campaign with the expectation of being reimbursed by the campaign. The New York City Campaign Finance Act (Administrative Code § 3-701 *et seq.*) prohibits the use of public funds for eight categories of expenditures (Administrative Code § 3-704 [2]). Reimbursement for advances is not one of these categories, and nothing in the Act supports respondent's contention that the list is "non-exhaustive" or that the reimbursement of an advance by a campaign committee is not an expenditure by the committee. Thus, the per se prohibition against reimbursement for advances is not "consistent with the manifestation of legislative intent" (*Matter of Bernstein v Toia*, 43 NY2d 437, 448 [1977]). Nor has respondent's practical construction of the Act become so well known that the City Council may be charged with knowledge thereof and its failure to interfere understood as acquiescence in such construction (*cf. Engle v Talarico*, 33 NY2d 237, 242 [1973]). Respondent, having ruled that reimbursements for advances per se is not a qualified expenditure, did not request petitioners to submit further documentation of any such reimbursements to determine whether they were "qualified campaign expenditures" (Administrative Code § 3-702 [4]). On remand to respondent for such determination, the committee, if it be so advised, may submit such further documentation. Concur—Mazzarelli, J.P., Andrias, Nardelli, Williams and Gonzalez, JJ.